Per Curiam.

(Bay, Johnson, Trezevant, and Brevard, Justices; absent, Grimke, J. and Waties, J.)
The material question in this case seems to be, whether or not the vessel was in readiness within a reasonable time after the accident ; and this was a question within the province of the jury, depending on matters of fact, and the rules of Jaw applicable to those facts. In mercantile transactions, de-patch is often times of much importance ; and the defendants might have sustained considerable prejudice in point of interest, if they had waited until this vessel was repaired, before they sent away their merchandize. They were not compelled by law to do so, unless the vessel was ready in a reasonable time : and what was, or was not, a reasonable time, was proper for the jury to determine. With regard to the question, whether the master of a vessel, while receiving the cargo from the freighters, is to be regarded as their servant, and subject to their control, or as owner for the time, or not; the court were of opinion, that the master can in no such case be so considered, unless the freighter be also his employer. Unless he has the appointment of the master, the latter has the direction, generally, of the ship, cot only in the port of reception, but elsewhere. The freighters ought not, on many accounts, to have a superintending authority over the master. They might endanger the vessel ; they might give contrary directions, &c. But if the charterer hires the ship, master, and mariners, and the hull only belongs to the owners, it is otherwise : for in such case barratry may be committed, although the owner of the hull colludes with the master. See 1 Johns. 229.
New trial refused.
Desausstjre & Ford, for plaintiff. Pringle <fc Ward, for dofendants.
Note. A trading ship is employed by virtue of two distinct species of eon-tract. 1. The contract by which an entire ship, or the principal part, is let for a determined voyage, to one or more places. This is usually done by an instrument signed and sealed, called a charter party. 2. 1 he contract, by which the master or owners of a ship destined on a particular voyage, engage witlwa number of persons, unconnected witli each other, to convey thoir respective goods to the place of the ship’s destination. A ship so employed is usually called a general ship. Sec Abbott on Shipping, Part 2. Chap 2.
The master is not liable for an injury done by the vessel he is master of, to another vessel, by sailing against it. if he was not on board at the timo, and a pilot was on hoard. 1 Johns. 305, 229, 6 T. R. 411, 2 Caines, 67. The vessel was chartered for a voya;;e, but the owner reserved part of the cabin; and lie was considered owner The person to whom a vessel is chartered is considered owner, in what cases, see Cowp. 143, Lofft, 631, Marsh. 454, Cowp 155, Park. 89, Millar, 166, 174, 2 Str 1251, Abbott, 16, 18, 3 Esp. Rep. 227. Ho who, by the contract, lias the apjiomtment of tile master, is to be regarded as owner. 2 Atlc 622. By the charter pally, the owner of the vessel covenanted to carry and deliver the goods ; he is therefore responsible for the coir-duct of the master and crew. M’Intyre v. Bowne. 1 Johns. 229.